UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM D. SMITH,

                        Plaintiff,

-against-

SUPERINTENDENT ROBERT CUNNINGHAM,

et al.,

                        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2021

7:15-CV-3455 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

      On July 29, 2021, immediately following the lift of a stay in this action, Plaintiff filed an application for appointment of pro bono counsel. (ECF No. 123.)

      Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

      The Second Circuit set forth standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to

consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's changes of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Prior to the imposition of a stay in this matter, the Court denied an earlier application for the appointment of pro bono counsel, finding "no exceptional circumstances which warrant the appointment of pro bono counsel." (ECF No. 110.) Due to the stay, nothing has materially changed regarding the substance or chances of success of this action since that time. Plaintiff argues he is suffering from mental health issues which prevent him from adequately representing himself. (ECF No. 124.) While the Court acknowledges that Plaintiff's mental health issues may reduce his ability to present the case, when weighed against the substance and complexity of the case, the Court finds no exceptional circumstances which warrant the appointment of pro bono counsel at this time. Accordingly, Plaintiff's motion is DENIED, without prejudice to renew at a later date.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 123, mail a copy of this Order to *pro se* Plaintiff, and show service on the docket.

Dated: July 30, 2021
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

2