UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM D. SMITH,

                Plaintiff,

  -against-

SUPERINTENDENT ROBERT CUNNINGHAM, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08/31/2021__

15-cv-3455 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

    On July 29, 2021, Plaintiff filed an application for an appointment of *pro bono* counsel. (ECF Nos. 123 & 124.)  The Court denied this request on July 30, 2021.  (ECF NO. 125.)  On August 26, 2021, Plaintiff renewed his request for *pro bono* counsel.  (ECF No. 126.)

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider

"secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

As discussed in this Court's July 30 Order (ECF No. 125), nothing has materially changed regarding the substance or chances of success of this action since Plaintiff's previous requests for *pro bono* counsel. There continue to be no exceptional circumstances which warrant the appointment at this time. Accordingly, Plaintiff's motion is DENIED, without prejudice to renew at a later date.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 126, mail a copy of this Order to *pro se* Plaintiff, and show proof of service on the docket.

Dated:   August 31, 2021                                          SO ORDERED:
         White Plains, New York

                                                                  _____
                                                                  NELSON S. ROMÁN
                                                                  United States District Judge