UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM D. SMITH,

                       Plaintiff,

   -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,
SUPERINTENDENT ROBERT CUNNINGHAM,
LT. HOLLORAN, SORC - MR. NICHOLAS
CHALK, HEARING OFFICER WOODBOURN
CORRECTIONAL FACILITY,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2022

15-cv-3455 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff William D. Smith ("Plaintiff"), proceeding *pro se*, commenced this action on April 23, 2015 (*See* Compl., ECF No. 2) against the New York State Department of Correctional Services,[1] Superintendent Robert Cunningham, Lieutenant Holloran, and SORC Nicholas Chalk. Plaintiff raised claims under 42 U.S.C. § 1983 that sound in deliberate indifference, cruel and unusual punishment, infliction of emotional pain and denial of procedural due process in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. (*See* Second Amended Complaint ("SAC"), ECF No. 59.)

    On May 21, 2018, the Court issued an Order denying Plaintiff's partial motion for summary judgment and granting Defendant's cross-motion for summary judgment, therefore dismissing

---

[1] This Court dismissed Defendant New York State Department of Correctional Services in an Order of Service dated August 6, 2015. (ECF No. 9.), and again on May 21, 2018 in its Order and Opinion on a partial summary judgment, pursuant to the Eleventh Amendment's immunity bar. *See Smith v. New York State Dep't of Corr. Servs.*, No. 15-CV-3455 (NSR), 2018 WL 2305566, at *1, n.1 (S.D.N.Y. May 21, 2018).

1

Plaintiff's Fourteenth Amendment claim and state law claims to the extent they were raised. *See Smith v. New York State Dep't of Corr. Servs.*, No. 15-CV-3455 (NSR), 2018 WL 2305566, at *1 (S.D.N.Y. May 21, 2018).

Now before the Court is Defendants' motion to dismiss the remaining claims in the SAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is GRANTED, and Plaintiff's claims are dismissed with prejudice.

## BACKGROUND

The Court assumes familiarity with the facts of this case based on the Court's May 21, 2018 Order on the partial motion for summary judgment. *See Smith*, 2018 WL 2305566.

In summary, Plaintiff was incarcerated at the Woodbourne Correctional Facility ("Woodbourne") in Woodbourne, New York. While at Woodbourne, Plaintiff worked as a porter in the B-1 Company ("B-1"). *Id*. at *1. On February 4, 2013, Defendant Lieutenant Holloran approached Plaintiff and advised him that he would no longer be able to work as the B-1 porter and that he would be reassigned. *Id*. The next day, Plaintiff spoke to Corrections Officer Carpenter, who told Plaintiff that he should continue working as the B-1 porter. *Id*. On February 7, 2013, Defendant Holloran found out that despite his order, Plaintiff reported to B-1, and he thereafter wrote a misbehavior report accusing Plaintiff of disobeying his direct order and being out of place. *Id*. at *2. Plaintiff was placed in keeplock confinement pending his disciplinary hearing. *Id.*

Plaintiff received a Tier III disciplinary hearing on February 12 and 13, 2013, which was held before Defendant Chalk, a hearing officer at Woodbourne. *Id.* In anticipation of the hearing, Sergeant Cohn had interviewed four potential witnesses at Plaintiff's request. *Id.* At the hearing, Defendant called three witnesses, including Corrections Officer Carpenter, took their testimony,

and also allowed Plaintiff to question them through Defendant Chalk. *Id.* Plaintiff also testified on his own behalf. Sergeant Holloran also testified as to the order he gave to Plaintiff. *Id.*

Defendant Chalk found Plaintiff guilty of all charges and imposed a sentence of 65 days in the Special Housing Unit ("SHU"). *Id.* at *3. Plaintiff was advised that he could appeal his Tier III conviction to the commissioner. *Id.* On February 15, 2013, Plaintiff applied for discretionary review to Defendant Superintendent Robert Cunningham, who declined to conduct such review. *Id.* In declining to conduct a discretionary review of the conviction, Defendant Cunningham told Plaintiff that he could appeal the Tier III hearing decision directly to the "Central Office." *Id.* Plaintiff eventually appealed his conviction to the Central Office. *Id.* On April 2, 2013, Albert Prack, on behalf of the commissioner, reversed and expunged the conviction, noting that the "circumstances surrounding incident raise questions as to inmate's culpability." *Id.*

On May 21, 2018, the Court issued an Order denying Plaintiff's partial motion for summary judgment and granting Defendant's cross-motion for summary judgment, which dismissed Plaintiff's Fourteenth Amendment claims as well as state law claims to the extent they were raised. *Id.* at *1, 7. Plaintiff's Fourteenth Amendment claims were based on his claim that he was denied procedural due process during his Tier III disciplinary hearing, resulting in his 65-days confinement in the SHU. *Id.* at *4. The Court disagreed, finding that Plaintiff failed to establish that a liberty interest was implicated by his 65-day SHU confinement, *see id.* at *4, and that Plaintiff failed to demonstrate an issue of material fact concerning deficiencies in the process afforded to him during the Tier III disciplinary hearing. *Id.* at *5. Plaintiff argued that he was not afforded sufficient process because Defendant Chalk did not allow him to present a fellow inmate, Phillip Smith, as a fourth witness. *Id.* at 5–6. The Court found that there was no material fact concerning the reasonable opportunity afforded to Plaintiff to call his witnesses. *Id*. at * 6. The

3

record showed that at no point during the hearing did Plaintiff suggest or mention the testimony of his fourth witness—in other words, "Plaintiff never requested the presence of [the fourth witness] at any point during the hearing, and a failure to request a witness amounts to a waiver of such testimony." *Id*. Plaintiff appealed the decision, which was denied by the Second Circuit on November 7, 2018 for lack of jurisdiction, given that a final order had not been issued. (*See* ECF No. 111.) The case was stayed from October 12, 2018 to July 20, 2021. (*See* ECF Nos. 110 and 122.)

On January 18, 2022, Defendants were granted leave to file the instant motion to dismiss, which seeks to dismiss the remainder of the claims in the SAC. The motion was fully briefed as of April 5, 2022. Plaintiff did not submit opposition papers, and therefore, the motion is considered unopposed. (*See* ECF No. 137.)

## LEGAL STANDARD

### I.     Fed. R. Civ. P.  12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents

attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## II. Section 1983

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L.Ed.2d 433 (1979); *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege (1) "the challenged conduct was attributable to a person who was acting under color of state law" and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York.*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

**DISCUSSION**

Defendants seek to dismiss the remainder of Plaintiff's claims by arguing that (i) Plaintiff fails to plausibly allege any of the elements of his deliberate indifference and cruel and unusual punishment; and (ii) Plaintiff's allegations do not implicate the Fifth or Sixth Amendments. For the reasons articulated below, the Court DISMISSES the remainder of Plaintiff's claims.

**I.  Deliberate Indifference and Cruel and Unusual Punishment**

Plaintiff raises an Eighth Amendment claim for deliberate indifference and cruel and unusual punishment based on the fact that he was placed in the SHU for 65 days following his Tier III disciplinary hearing, which he alleges was a wrongful confinement. *See* SAC at 7. While he was in the SHU, Plaintiff appealed the conviction to the Central Office, and on April 2, 2013, his conviction was reversed and expunged, as the commissioner's office noted that the "circumstances surrounding incident raise questions as to inmate's culpability." *See Smith*, 2018 WL 2305566 at *3.

The Eighth Amendment guarantees freedom from "cruel and unusual punishment." U.S. Const. amend. VIII. This includes depriving prisoners of their "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). For a plaintiff to establish that a prison official violated the Eighth Amendment, "(1) the alleged deprivation must, as an objective matter, be 'sufficiently serious,' [*i.e.*, the "objective prong"] and (2) the alleged perpetrator—ordinarily a prison official—must possess a 'sufficiently culpable state of mind' [*i.e.*, the "subjective prong."]." *Randle v. Alexander*, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994)).

For the "objective prong," "the alleged deprivation must be 'sufficiently serious,' in the sense that 'a condition of urgency, one that may produce death, degeneration, or extreme pain' exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990)). For the "subjective prong," the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" that would result from his or her act or omission. *Jones v. Avanzato*, No. 14-cv-2044 (NSR), 2016 WL 183565 at *3 (S.D.N.Y. Jan. 13, 2016) (citing *Farmer*, 511 U.S. at 837). A party must also allege personal involvement of the wrongdoer to allege a constitutional deprivation. *Marhone v. Cassel*, No. 16-CV-4733 (NSR), 2022 WL 4468056, at *12 (S.D.N.Y. Sept. 26, 2022).

Here, the Court agrees with Defendants that Plaintiff's allegations fail on both the objective and subjective elements of his Eighth Amendment claim, which must therefore be dismissed.

First, Plaintiff's allegations fail to plead that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety. Plaintiff only establishes that he was put in the SHU for 65 days pursuant to a violation for which he was later exonerated, but that alone is not sufficient to establish the objective element of an Eighth Amendment claim. *See Kingwood v. Coombe*, 96 Civ. 432, 1997 WL 323913, at *7 (S.D.N.Y. June 13, 1997) (plaintiff spent more than 200 days in SHU, but "absent any allegations that plaintiff's treatment in SHU confinement was in some manner differed from usual SHU treatment, his [Eighth Amendment] claim must fail."); *see also Gonzalez v. Hasty,* 802 F.3d 212, 223 (2d Cir. 2015) ("A period of confinement under typical SHU conditions lasting longer than 305 days, for example, triggers a protected liberty interest, whereas a period of confinement lasting between 101 and 305 days may trigger a protected liberty interest, depending on the specific conditions of confinement.").

Second, Plaintiff fails on the subjective element because he fails to allege personal involvement by any of the Defendants in subjecting him to purportedly unconstitutional conditions of confinement, as he must in order to successfully plead deliberate indifference under the Eighth Amendment and Section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a plaintiff must allege facts to show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Brandon v. Royce*, No. 16 CV 5552 (VB), 2019 WL 1227804, at *9 (S.D.N.Y. Mar. 15, 2019) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Therefore, for the aforementioned reasons, the Court dismisses Plaintiff's Eighth Amendment claim.

## II.     Fifth and Sixth Amendment Claims

In the SAC, Plaintiff raises claims under the Fifth and Sixth Amendments, which appear to be connected to his allegations that he was denied procedural due process during his Tier III disciplinary hearing, resulting in his 65-day sentence in the SHU.

The Court first agrees with Defendants that Plaintiff fails to state a claim under the Fifth Amendment. To the extent Plaintiff bases his Fifth Amendment claim on his allegations that his due process rights were violated during his Tier III disciplinary hearing, such claim fails for the same reasons articulated in the Court's decision on the prior motion for summary judgment. The Court has already found no issue of material fact regarding the sufficiency of process provided to Plaintiff during his Tier III disciplinary hearing, and specifically, that his due process rights were not violated because Plaintiff failed to request the presence of his fourth-witness during his hearing, and he therefore waived such testimony. *See Smith*, 2018 WL 2305566 at *6. In any

event, the Due Process Clause of the Fifth Amendment generally applies to the federal government rather than to the States, so Plaintiff's Fifth Amendment claim does not apply here as there are no federal actors being sued. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without "due process of law.").

The Court also finds that Plaintiff fails to state a claim under the Sixth Amendment. The Sixth Amendment guards against unjustified deprivations of liberty by requiring the federal government to provide specific procedural protections to all those accused of committing a crime. Specifically, the Sixth Amendment protects the accused's right to a speedy trial, the right to a public trial, the right to a trial before an impartial jury drawn in a prescribed manner, the right to notice, the right of confrontation, the right to compulsory process, and the right to assistance of counsel. U.S. Const. amend. VI. The Supreme Court has held that, for the most part, the Fourteenth Amendment's Due Process Clause guarantees defendants in state courts the same fundamental procedural protections guaranteed to defendants in federal court under the Sixth Amendment. *See Duncan v. Louisiana*, 391 U.S. 145 (1968) (jury trial); *Washington v. Texas*, 388 U.S. 14 (1967) (compulsory process); *Klopfer v. North Carolina*, 386 U.S. 213 (1967) (speedy trial); *Pointer v. Texas*, 380 U.S. 400 (1965) (confrontation); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (counsel); *see also Herring v. New York*, 422 U.S. 853, 857 n.7 (1975) (citing to prior cases as having incorporated the rights to public trial and notice (citations omitted)). In addition, "[t]he absence of any facts alleging a defendant's personal involvement in the violation of a plaintiff's Sixth Amendment right to a speedy trial [] dooms any such claim." *Brooks v. Panas*, No. 14-CV-4835 (PKC), 2016 WL 614684, at *4 (E.D.N.Y. Feb. 16, 2016).

As indicated above, the Court has already found that Plaintiffs' failed to demonstrate an issue of material fact concerning sufficient process afforded to him during the Tier III disciplinary hearing. *See Smith*, 2018 WL 2305566 at *5. Plaintiff fails to provide any other allegations to make out a viable Sixth Amendment claim. Therefore, Plaintiff fails to plead a Sixth Amendment claim.

Therefore, the Court dismisses Plaintiff's Fifth and Sixth Amendment claims.

### III.  Qualified Immunity

Defendants argue that even if Plaintiff states a claim, they are entitled to qualified immunity. (Defs.' Br. at 6.) The doctrine of qualified immunity gives "officials 'breathing room to make reasonable but mistaken judgments about open legal questions.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866, 198 L. Ed. 2d 290 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). As such, "qualified immunity shields both state and federal officials from suit unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct." *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014) (internal quotation marks omitted). To determine whether a right was clearly established, the Court looks to: (1) "the specificity with which a right is defined"; (2) the existence of Supreme Court or the applicable circuit court case law on the subject; and (3) whether it was "objectively reasonable" for the defendant to believe the conduct at issue was lawful. *Id*. at 231; *Gonzalez v. City of Schenectady*, 728 F.3d 149, 161 (2d Cir. 2013).

Because the Plaintiff fails to state any claim, the Court need not assess at this time whether the Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (ECF No 134) and DISMISSES Plaintiff's Second Amended Complaint in its entirety without leave to replead.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 134, to enter judgment accordingly, and to close the case.

The Clerk of the Court is also directed to mail a copy of this order to *pro se* Plaintiff at his address on the docket.

Dated: November 30, 2022    SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge